IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KATHERINE STORIE<br>f/k/a KATHERINE YORK,<br>    Individually and on Behalf of<br>    all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LEGAL PREVENTION SERVICES, LLC,<br>and TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA,<br>    Defendants. | CASE NO.:   6:15-cv-678 |

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff Katherine Storie ("Plaintiff"), by and through her undersigned counsel, brings this class action lawsuit against Legal Prevention Services, LLC ("Defendant LPS") and Travelers Casualty and Surety Company of America ("Defendant Travelers"), and alleges as follows:

**NATURE OF ACTION**

1. This is a class action lawsuit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. sec. 1692, *et seq*. and the Texas Finance Code ("TFC") § 392.001, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. sec. 1692k(d) and 28 U.S.C. § 1331.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

5. Plaintiff is a natural person, who at all relevant times resided in Longview, Texas.

6. Plaintiff is allegedly obligated to pay a debt due a creditor other than Defendant LPS, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant LPS arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Defendant LPS is a New York limited liability company with principal offices situated in Erie County, New York.

9. Defendant LPS can be served at its location, 485 Cayuga Rd., Hangar Bay 4-2, Cheektowaga, NY 14225.

10. Defendant LPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant LPS is a "third party debt collector" as defined by Tex. Fin. Code § 392.001(7).

12. Defendant Travelers is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

13. Defendant Travelers is liable for acts committed by Defendant LPS pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 7752241480TX, as well as any other applicable law.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14. In the year prior to the filing of this Complaint, Defendant LPS mailed, or caused to be mailed, a letter to Plaintiff in an effort to collect from Plaintiff an alleged obligation asserted to be owed or due a creditor other than Defendant LPS.

15. A copy of the letter is attached as Exhibit 1 to this Complaint.

16. The letter attached as Exhibit 1 to this Complaint was the first and only letter received by Plaintiff from Defendant LPS.

17. Defendant LPS also spoke with Plaintiff on the phone one or more times.

18. In its initial communication with Plaintiff, Defendant LPS failed to inform Plaintiff that Defendant LPS was attempting to collect a debt and that any information obtained would be used for that purpose.

19. In other communications with Plaintiff subsequent to the first communication, Defendant LPS failed to disclose that the communication was from a debt collector.

20. Additionally, Defendant LPS never, in any communication with Plaintiff, provided the notices required by 15 USC § 1692g.  Specifically that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will

be mailed to the consumer by the debt collector; and that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. Upon information and belief, Defendant LPS attempts to collect defaulted debts from many Texans and, as a matter of pattern and practice, does not provide the disclosures described in paragraph 18 above in any communication with any consumer.

22. Upon information and belief, Defendant LPS attempts to collect defaulted debts from many Texans and, as a matter of pattern and practice, does not provide the notices described in paragraph 19 above in any communication with any consumer.

23. Upon information and belief, Defendant LPS attempts to collect defaulted debts from many Texans and, as a matter of pattern and practice, does not provide the notices described in paragraph 20 above in any communication with any consumer.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of:

    a. all persons located in the State of Texas who, within one year before the date of the filing of this Complaint, were contacted by Defendant LPS in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where Defendant LPS, in its initial communication with the consumers, failed to inform Plaintiff that the Defendant LPS was attempting to collect a debt and that any information obtained will be used for that purpose.

    b. all persons located in the State of Texas who, within one year before the date of the filing of this Complaint, were contacted by Defendant LPS in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where Defendant LPS, in any communication with the consumers, failed to disclose that the communication was from a debt collector.

    c. all persons located in the State of Texas who, within one year before the date of the filing of this Complaint, were contacted by Defendant LPS in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where Defendant LPS, failed to provide one or more of the notices required by 15 U.S.C. § 1692g within five days of the first communication with the consumer.

25. Excluded from the Class are Defendant LPS, the officers and directors of the Defendant LPS, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant LPS has or had a controlling interest.

26. The proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names address of all members of the Class can be identified in business records maintained by Defendant LPS.

27. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct,

practices and procedure on the part of Defendant LPS and Plaintiff has suffered the same injuries as each member of the Class.  Plaintiff has retained counsel experienced and competent in class action litigation.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

29. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant LPS has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a. Defendant LPS's violations of the FDCPA as alleged herein;

    b. Defendant LPS's violations of the TFC as alleged herein;

    c. Defendant LPS's conduct particular to the matters at issue was identical;

    d. The availability of statutory penalties; and

    e. The availability of attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692e(11)

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-23.

31. 15 U.S.C. 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

32. In its initial communication with Plaintiff, Defendant LPS failed to inform Plaintiff that Defendant LPS was attempting to collect a debt and that any information obtained would be used for that purpose.
33. In other communications with Plaintiff subsequent to the first communication, Defendant LPS failed to disclose that the communication was from a debt collector.
34. As such, Defendant LPS violated 15 U.S.C. 1692e(11).

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692g

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-23.
36. 15 U.S.C. 1692g provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

* * *

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. Defendant LPS communicated with Plaintiff multiple times, by phone and by letter, yet never provided the notices required by 15 U.S.C. § 1692g described in paragraph 36 above.

38. As such, Defendant LPS violated 15 U.S.C. 1692g.

## COUNT III
## VIOLATION OF THE TEXAS FINANCE CODE § 392.304

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-23.

40. Tex. Fin. Codes § 392.304 provides:

    (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

    (5) in the case of a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action:

        (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or

        (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor;

41. In its initial communication with Plaintiff, Defendant LPS failed to inform Plaintiff that Defendant LPS was attempting to collect a debt and that any information obtained would be used for that purpose.

42. In other communications with Plaintiff subsequent to the first communication, Defendant LPS failed to disclose that the communication was from a debt collector.

43. As such, Defendant LPS violated Tex. Fin. Codes § 392.304(a)(5)(A)&(B).

## COUNT IV
## IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF LEGAL PREVENTION SERVICES, LLC

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-23.

45. The act(s) and omission(s) of Defendant LPS and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304(a)(5)(A)&(B) are imputed to Defendant Travelers pursuant to Tex. Fin. Code § 392.102.

## JURY TRIAL DEMANDED

46. Plaintiff hereby demands a trial by jury.

## PRAYER F OR RELIEF

WHEREFORE, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant LPS violated 15 U.S.C. § 1692e(11) and Tex. Fin. Code § 392.304;

(c) Pursuant to Tex. Fin. Code § 392.403(a)(1), an injunction to enjoin Defendant LPS from future violation of Tex. Fin. Code § 392.304;

(d) Awarding Plaintiff and members of the class statutory damages against Defendant LPS pursuant to 15 U.S.C. 1692k in the amount of $1,000.00 per class member;

(e) Awarding Plaintiff and members of the Class their reasonable costs and attorney's fees incurred in this action, including expert fees, against Defendant LPS and Defendant Travelers pursuant to 15 U.S.C. 1692k and Tex. Fin. Code §392.403;

(f) Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law against Defendant LPS and Defendant Travelers; and

(g) Awarding other and further relief as the Court may deem just and proper against Defendant LPS and Defendant Travelers.

        Respectfully submitted,

        THE WOOD FIRM, PLLC

        /s/ Jeffrey D. Wood
        Jeffrey D. Wood, Esq.
        ArkBN: 2006164
        103 N. Goliad, Suite 204
        Rockwall, TX  75087
        TEL:  682-651-7599
        FAX:  888-598-9022
        EMAIL:  jeff@mmlaw.pro
        Attorney for Plaintiff