IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KATHERINE STORIE, f/k/a § <br> KATHERINE YORK, Individually and on § <br> Behalf of All Others Similarly Situated § <br> § <br> v. § <br> § <br> LEGAL PREVENTION SERVICES, § <br> LLC, and § <br> TRAVELERS CASUALTY AND § <br> SURETY COMPANY OF AMERICA § | Civil Action No. 6:15-cv-678-MHS |

## ORDER OF DISMISSAL

Plaintiff Katherine Storie filed this action on July 14, 2015, against Legal Prevention Services, LLC, and Travelers Casualty and Surety Company of America. The Clerk's Office issued a summons for services on the same date. No further action has taken place and no return of summons has been filed. Pursuant to Fed. R. Civ. P. 4(m), a defendant must be served within 90 days after the complaint has been filed. In this case, more than 200 days have passed since the complaint was filed.[1]

Under Rule 4(m), the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Furthermore, a district court may dismiss an action for failure to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544

---

[1] Rule 4(m) was modified effective December 1, 2015, from the requirement to serve a defendant within 120 days to the current 90 days. However, Plaintiff has not met either standard.

Page 1 of 2

(5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

On January 22, 2016, the Court issued an Order to show cause, expressly placing Plaintiff on notice that the Court will *sua sponte* dismiss this case pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve and Fed. R. Civ. P. 41(b) for failure to prosecute unless service is effected or she shows cause why the Court should not do so by February 22, 2016. Doc. No. 3. To date, Plaintiff has still not complied with the Court's Order.

It is therefore **ORDERED** that Plaintiff's complaint be dismissed *without prejudice* for failure to timely serve under Rule 4(m) and for failure to prosecute under Rule 41(b).

**It is SO ORDERED**.

SIGNED this 23rd day of February, 2016.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE